202 So.2d 46

**Louis BETHUNE**

v.

**STATE.**

**1 Div. 96.**

Court of Appeals of Alabama.

Jan. 17, 1967.

Rehearing Denied March 14, 1967.

Barry Hess, Mobile, for appellant.

Richmond M. Flowers, Atty. Gen., and Robt. F. Miller, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

On June 30, 1965, appellant was tried on an indictment without a jury in the Circuit Court of Mobile County and adjudged guilty of issuing a worthless check with intent to defraud.[1] He was fined one hundred dollars and sentenced to thirty days in the Mobile County jail as punishment therefor and it is from this judgment that this appeal is made.

The indictment was based upon the issuance of a check for the amount of $26.98, dated January 10, 1964, drawn on the American National Bank and Trust Company of Mobile, Alabama, and made payable to "Sears [Roebuck and Co.]. The check was signed "Louis Bethune", the signature appearing below the words "Pauls Emp. Agency". The check was endorsed by Eugene Williams. The check was given in payment for two staple guns and one box of staples, the total price plus tax being $26.98. The stamp on the back of the check shows that it was deposited by Sears in the First National Bank on Friday, January 10, 1964, the same day it was made. On Monday, January 13, 1964, the check was endorsed by the First National Bank by a stamp. This endorsement was cancelled on January 20, 1964. The First National Bank later returned the check to Sears. This check does not in itself show

[1]. Code of Alabama, 1965 Cumulative Pocket Part, Vol. 5, Tit. 14, Sec. 234(4) states: "It shall be unlawful for any person to procure any article or thing of value, or to secure possession of any personal property to which a lien has attached or for the payment of wages or salaries to make or draw or utter or deliver, with intent to defraud, any check, draft or order, for the payment of money, upon any bank, person, firm, or corporation, knowing at the time of such making, drawing, uttering, or delivering, that the maker, or drawer, has not sufficient funds in, or on deposit with, such bank, person, firm, or corporation, for the payment of such check, draft, or order, in full, and all other checks, drafts or orders upon such funds then outstanding."

that it was presented for payment to the American National Bank. Appellant's Exhibit A shows that on January 14, 1964, a check for the amount of $26.98 was deducted from appellant's account but later on the same day it and several others were credited to the account as "error corrections" leaving at the end of the day the same balance in the account as it had at the beginning of the day.

There was evidence which, if believed, would establish the following:

On January 10, 1964, the date the check in question was written, the balance in the American National Bank to the credit of appellant was $3.37.

On January 10, 1964, appellant had deposited a check for $172.00. According to the testimony of a clerk for the bank, the check was deposited for collection and on January 14, 1964, had not been paid; although it was later paid. The clerk further testified, "It's a little thing they call kiting here—no, it is not valid until we have the funds."

It is stated in National Commercial Bank v. Miller & Co., 77 Ala. 168, that:

"In the absence of a special agreement, when a check is deposited, it is taken, generally, for collection by the bank as agent of the depositor, and the bank does not owe the amount until its collection is accomplished."

Therefore, on January 14, 1964, when the check in question and several others were presented for payment appellant did not have funds to his credit sufficient in amount to pay these checks. This is true even though there was other testimony as to the balance of appellant's account. By no arrangement of evidence does it appear that appellant had sufficient funds (not including uncollected funds) in his account to cover payment of this check.

■ The clerk for the American National Bank further testified that, "the check wasn't paid." Appellant contends that there

is no evidence that the check was ever presented to the American National Bank for payment. Evidence of such is not necessary to support a conviction for issuing a worthless check with intent to defraud. In Caughlan v. State, 22 Ala.App. 220, 114 So. 280, this court stated:

"It makes no difference whether the check was ever presented for payment or not. The crime was and is not dependent upon the presentation of the check."

The indictment in the *Caughlan* case was based upon the predecessors to Sec. 234(4) and Sec. 234(5), Tit. 14, Code of Alabama, 1940, which sections are the authority for the indictment in the case at bar. Sec. 234(4) is worded so as to impress us that the principle of law on presentation for payment as expressed in the *Caughlan* case is applicable to an indictment under Sec. 234(4). Moreover the clerk for the American National Bank further testified that, "the check wasn't paid", and, as already discussed, the statements of appellant's account show that a check for $26.98 was debited, then credited to the account.

■ Appellant contends that there was no evidence of his intent to defraud when he issued the check. He argues that Sec. 234(5), Tit. 14, Code of Alabama, 1940, 1965 Cumulative Pocket Part, Vol. 5, which reads as follows:

"As against the maker, or drawer thereof, the making, drawing, uttering, or delivering of a check, draft, or order, payment of which is refused by the drawee, shall be prima facie evidence of intent to defraud and of knowledge of insufficient funds in, or on deposit with, such bank, person, firm, or corporation. Provided, proof of payment of the amount due the holder of the check, draft, or order by the drawer, within ten days after notice that such check, draft, or order was not paid by the drawee, shall be sufficient to overcome the presumption of prima facie evidence provided herein."

cannot be the basis for evidence of intent to defraud because there is no evidence that the check was presented to the American National Bank and payment refused. However, this contention of appellant was not sound because there was evidence that the check was presented to the American National Bank and that payment was refused.

There is no error in this cause and the judgment must be and the same is hereby

Affirmed.

CATES, J., concurs in result.